## LORD v. STATE.

CRIMINAL LAW. *Full costs under act of* 1859–60, *Code, sec.* 5103a. The defendant, George Lord, was indicted in the Criminal Court of Davidson county in six cases for gaming, at the same term of the court. But one capias issued according to the provisions of the act of 1859–60. He submitted and was adjudged. to pay all costs by the court. The clerk in taxing the costs, taxed full costs in each case. Upon a motion to retax the costs, the court below sustained the taxation of costs as made by the clerk, from which the defendant appealed. *Held*, that the costs were properly taxed.

Code cited; Sec. 5103a.

### FROM DAVIDSON.

Appeal from the Criminal Court. THOS N. FRAZIER, Judge.

J. D. BRIEN for Lord.

ATTORNEY-GENERAL HEISKELL for the State.

DEADERICK, J., delivered the opinion of the court.

In the Criminal Court of Davidson county the attorney-general, by leave of the court, entered a *nolle prosequi* in six cases of gaming pending in said court against Lord, he agreeing to confess judgment for the costs in each case. A judgment was thereupon rendered against him and his sureties for full costs in each of the six cases.

Lord *v.* State.

But one capias was served, under and* in conformity with the act of 1859–60, Code, sec. 5113*a.*

That act provides that where more than one indictment is found at same term against a defendant of the same grade, but one capias shall be issued to the same county, which shall specify on its face the number of cases, and the officer arresting defendant shall take bond in a sum sufficient to cover all the cases. The costs of but one case shall be taxed if the county should have to pay the costs, "but if the defendant pays the costs, the court may order full costs to the several officers as if separate process had been issued and served throughout.

This statute authorizes the taxation of full costs as directed by the court below, and we affirm the judgment.